IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| DAVID JOHN MEDNANSKY, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5465** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | **ORDER DENYING PLAINTIFF'S** |
| State of Oregon, | ) | **MOTION FOR ENTRY OF DEFAULT** |
| | ) | **AND MOTION FOR DEFAULT** |
| Defendant. | ) | **JUDGMENT** |

This matter comes before the court on Plaintiff's Motion for Entry of Default, filed June 3, 2024, and Plaintiff's Motion for Default Judgment, filed June 10, 2024. The court's records and a declaration of Defendant's counsel show the following relevant facts:

(1) On or about May 1, 2024, the court received the complaint in this matter, in a United States Mail package postmarked April 29, 2024.

(2) On May 1, 2024, the court transmitted a copy of the complaint to Defendant under cover of a transmittal letter of the same date; the court mailed a copy of the transmittal letter to Plaintiff.

(3) On May 14, 2024, Defendant filed an answer, along with a certificate of service stating that Defendant's counsel had directed a copy to be served on Plaintiff by U.S. Mail that same day (May 14, 2024).

(4) On June 3, 2024, Plaintiff filed a "Motion for Entry of Default," alleging that "Defendant had until the 31st of May to answer but did not."

(5) On June 5, 2024, Defendant filed its answer a second time, along with a certificate of service certifying that Defendant's counsel had directed a copy to be served on Plaintiff by U.S. Mail that same day (June 5, 2024).

(6) On June 6, 2024, Defendant filed a response to Plaintiff's June 3 motion. The response includes a declaration in which Defendant's counsel states that he realized upon reading the June 3 motion that he inadvertently had failed to serve Plaintiff on

ORDER DENYING PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT AND MOTION
FOR DEFAULT JUDGMENT  TC 5465

May 14. Defendant's counsel further declares that he mailed a copy of the answer to Plaintiff on June 5, 2024.

(7) On June 10, 2024, Plaintiff filed a "Motion for Default Judgment."

Plaintiff has miscalculated the due date for Defendant's answer; the court's records show that Defendant both filed and served its answer within the time allowed for filing.

Tax Court Rule (TCR) 7 A(1) defines the date of the court's service of the complaint on Defendant as the third day after the date on the court's transmittal letter. The transmittal letter is dated May 1, 2024; the third day thereafter was May 4, 2024. However, May 4 was a Saturday; under TCR 10 A(1), neither Saturday, May 4, nor Sunday, May 5, may be counted in computing the date of service. Therefore, Defendant was served on Monday, May 6, 2024.

Under TCR 7 C(2)(b) Defendant was required to "appear and defend within 30 days from the date of service." The 30th day after May 6 was June 5, 2024. However, three days must be added under TCR 10 B, which provides: "Except for service of summons or the initial filing of an appeal, whenever a party has the right to or is required to do some act within a prescribed period after the service of a notice or other document upon that party and the notice or document is served by mail, electronic filing system, e-mail, or facsimile communication, three days will be added to the prescribed period." Three days after June 5 was June 8, a Saturday. Under TCR 10 A(1), neither Saturday, June 8, nor Sunday, June 9, may be counted. The result is an extended deadline of Monday, June 10, 2024.

Accordingly, the answer was required to be filed on or before today, June 10, 2024. It was, and the court has no reason to doubt that Defendant served a copy on Plaintiff on June 5, 2024, as shown on the certificate of service attached to the re-filed answer and in the declaration of Defendant's counsel. There is no basis for Plaintiff's motions because Defendant has not

ORDER DENYING PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT AND MOTION
FOR DEFAULT JUDGMENT  TC 5465

"failed to appear" within the prescribed time. TCR 69 A(1). Plaintiff's Motion for Entry of Default and Motion for Default Judgment are denied.

Defendant's answer states in part: "Defendant has notified Curry County of its intent to tender the defense of the assessment to Curry County and has asked Curry County to intervene and defend the assessment." To date, no motion to intervene has been filed. If no such motion is filed on or before June 20, 2024, the court will schedule an initial case management conference solely including Plaintiff and Defendant, for the purpose of setting a date for trial or other proceedings.

After reviewing the motions and response and being fully advised of the premises, the court finds that Plaintiff's motions should be denied. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Entry of Default is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment is denied.

Dated this 10th day of June, 2024.

6/10/2024 2:34:51 PM

Judge Robert T. Manicke

ORDER DENYING PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT AND MOTION
FOR DEFAULT JUDGMENT  TC 5465